**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cr-04035-SRB-8 |
| | ) | |
| BONITA GAY SEIP, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
<u>CONCERNING PLEA OF GUILTY</u>**

The defendant, by consent, appeared before the undersigned on June 9, 2020, and pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Local Rule 72(c)(1)(j), and 28 U.S.C. § 636, has entered a plea of guilty to Count 1 of the Information. After cautioning and examining the defendant, under oath, in accordance with the requirements of Rule 11, it was determined that the guilty plea was knowledgeable and voluntary, and that the offense to which the defendant has plead guilty is supported by a factual basis for each of the essential elements of the offense.

For the proceeding, the prosecutor, defense counsel, and judge appeared by video teleconference. The defendant appeared, from the Cole County Jail, by video teleconference. Defense counsel requested the matter be taken up by video teleconference to move the case forward efficiently, and without continued delay. The defendant waived her right to appear in person and consented to appearing by video teleconference. An offer was made to set up a separate virtual room for the defendant and her counsel, if requested. At one point, defense counsel lost connection. Once counsel was reconnected, the Court reviewed the facts of the plea agreement with the defendant. The defendant's image and voice were clear, and I confirmed she could see and hear me and the lawyers clearly.

I proceeded without the defendant physically present because, during the national emergency created by the novel coronavirus, she could not be physically present without seriously jeopardizing public health and safety. See the Court's April 20, 2020, Superseding General Order (implementing Coronavirus Aid, Relief, and Economic Security Act, H.R. 748 ["CARES Act"],

and March 27, 2020, action by Judicial Conference authorizing video teleconferencing under certain circumstances). I did not postpone the plea because the defendant and her lawyer contended, and I found, delay of the plea would cause serious harm to the interests of justice.

IT IS, THEREFORE, RECOMMENDED that the plea of guilty be accepted and that the defendant be adjudged guilty and have a sentence imposed accordingly.

Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its filing will bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
United States Magistrate Judge

June 9, 2020
Jefferson City, Missouri